## JUDKINS v. ELLIOTT.

### No. 9975; August 30, 1886.

#### 12 Pac. 116.

Waters.—An Appropriator of Water on United States Public Lands is Entitled to the use of the same, as against one who subsequently acquires title to the land from the government.[1]

APPEAL from Superior Court, County of Sierra.

Action for damages for diversion of water to the use of which the plaintiff claimed to be entitled, and for an injunction against further use of the water by defendant. It appears that plaintiff had appropriated water upon the public lands of the United States before any private claim to the land had been made. Defendant subsequently acquired title to the land upon which the water rose, and through which it flowed to plaintiff's lands, and diverted the same, to plaintiff's injury.

---

[1] Cited in De Necochea v. Curtis, 80 Cal. 407, 20 Pac. 565, an action to restrain the defendant from diverting the water flowing to and upon the plaintiff's land, as holding that rights to water, acquired by appropriation after the passage of the act of 1866, were valid and entitled to protection against subsequent acquirers of land titles from the government.

Cited, in passing, by the court in Crawford v. Hathaway, 67 Neb. 365, 108 Am. St. Rep. 644, 93 N. W. 794, 60 L. R. A. 889, in an opinion that goes elaborately into the question in all its branches.

M. Farley and R. H. Lindsay for appellant; Van Clief & Wehe for respondent.

By the COURT.—The case shows that the water in controversy, while situate upon public land of the United States, was appropriated by the plaintiff prior to acquisition by defendant of any right or title from the government to the land upon which the water is situate.

Judgment and order affirmed.